■ HERMAN J. STERN et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim Nos. 33227–33232.) — Appeal by claimants from an order of the Court of Claims denying a motion to vacate orders dismissing the claims for failure to prosecute. The claims sought to recover damages sustained when an automobile skidded on a State highway on June 13, 1953. The claims were filed June 10, 1955, nearly a year after the filing of notice of intention. As far as appears no attempt to try the claims was ever made by claimants. On June 1, 1959 the claims appeared on Calendar call. Claimants advised the court they were ready to go to trial any time after June 15. On June 15 claimants' counsel was notified that the cases were set down for trial on June 17. Counsel contended that because of another court engagement from June 2 to June 9 he could not marshal his witnesses by June 17. The court thereupon dismissed the claims pursuant to the authority of rule 7 of the Court of Claims. Six years had elapsed since the date of the accident and four years since the claims were filed. Claimants' counsel not only had notice that the claims were on the calendar for trial but actually agreed to a trial any time after June 15, 1959. When the claims were set down definitely for trial on June 17 counsel pleaded that he

could not be ready. There is no sound excuse for such delay. If the Judge presiding over any court is to operate the court efficiently he must have a strong control over the calendar of cases. The Court of Claims had authority to dismiss the claims. The orders were discretionary. Under the circumstances here it would be ridiculous to say that the discretion was abused. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.